UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SCOTT FETZNER,

                Plaintiff,

v.

TOWN OF GATES, *et al.*,

                Defendants.

**DECISION AND ORDER**

6:23-CV-06229 MAV CDH

---

## INTRODUCTION

Plaintiff Scott Fetzner ("Plaintiff") asserts claims under 42 U.S.C. § 1983 and New York state law in connection with an incident on April 19, 2022, involving the Town of Gates Police Department and the Monroe County Sheriff's Office. (Dkt. 1; Dkt. 16). Following the withdrawal of his counsel (*see* Dkt. 27; Dkt. 32), Plaintiff has filed a motion to proceed *in forma pauperis* (Dkt. 36) and a motion for appointment of counsel (Dkt. 37). For the reasons set forth below, Plaintiff's motions are denied without prejudice.

## BACKGROUND

This case has been referred to the undersigned for all pretrial matters excluding dispositive motions. (Dkt. 4; Dkt. 26).

On April 24, 2025, the Court entered an Order granting Plaintiff's attorneys' motion to withdraw. (Dkt. 32). The Court directed Plaintiff's attorneys to serve Plaintiff with a copy of the Order and directed Plaintiff to advise the Court in writing within 30

days of being served a copy of the Order if he will seek to obtain new counsel or if he will proceed in this case *pro se*. (*Id.* at 3).

Upon not receiving any communication, in writing or otherwise, from Plaintiff regarding this case, the Court held a status conference with the parties on June 25, 2025, to address Plaintiff's representational status going forward. (Dkt. 35). During the conference, Plaintiff informed the Court that he was seeking but had not yet obtained new counsel. The Court directed Plaintiff to file a motion to proceed *in forma pauperis* and a motion to appoint counsel by September 23, 2025, or to otherwise advise the Court by that date of his representational status. (*Id.*). On July 22, 2025, Plaintiff submitted applications to proceed *in forma pauperis* and to be appointed counsel. (Dkt. 36; Dkt. 37). Defendants have not responded to either motion.

## DISCUSSION

### I.  Motion to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), an individual is permitted "to litigate a federal action *in forma pauperis* if the individual files an affidavit stating, among other things, that he or she is unable to prepay fees 'or give security therefor.'" *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015). "Section 1915(a) does not require a litigant to demonstrate absolute destitution." *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). "Rather, 'an affidavit [to proceed *in forma pauperis*] is sufficient [if it states] that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life.'" *Harrington v. Drown*, No. 21-CV-6634MWP, 2024 WL 1908879, at *1 (W.D.N.Y. Apr.

30, 2024) (alterations in original and quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

"The decision of whether to grant a request to proceed *in forma pauperis* is left to the District Court's discretion under 28 U.S.C. § 1915." *Hines v. U.S.*, No. 6:19-CV-06837(MAT), 2020 WL 570605, at *1 (W.D.N.Y. Feb. 5, 2020) (quotation and alteration omitted). "In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quotations omitted). "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, No. 3:22-CV-00664-SRU, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022).

Here, Plaintiff's affirmation supporting his motion to proceed *in forma pauperis* provides the following information: (1) he is presently unemployed; (2) his only source of income is $181 per month in unspecified government benefits; (3) he has zero dollars on hand or in a checking or savings account; (4) he owns no cars or real estate or other valuable property; (5) he pays zero dollars in monthly household expenses, including for rent, food, and utilities; and (6) he is the only person in his household. (Dkt. 36 at 1-2).

This information is not sufficient for the Court to determine whether Plaintiff is entitled to proceed *in forma pauperis*. Significantly, the Court cannot understand how Plaintiff survives on only $181 per month without any additional financial support.

Similarly, the Court cannot understand how Plaintiff pays zero dollars in monthly household expenses while being the sole member of his household and receiving no support from any other person. Given that the Court has recently mailed docket entries to Plaintiff at a residential address, (*see* Dkt. 34; Dkt. 35), Plaintiff's application raises more questions than answers regarding his financial circumstances.[1] *See Stanley v. Comm'r of Soc. Sec. Admin.*, No. 24-CV-4665, 2024 WL 3706846, at *1 (E.D.N.Y. July 23, 2024) (denying motion to proceed *in forma pauperis* because "[a]lthough Plaintiff reports receiving public assistance, it also appears she is being supported by another given that she has included no expenses associated with her reported residence or utilities") (citation omitted); *Davis v. NYS Dep't of Lab.*, No. 21-CV-690 (JLS), 2021 WL 9455716, at *2 (W.D.N.Y. June 28, 2021) ("Davis's application [to proceed *in forma pauperis*] does not list any expenses. If that is the case, she does not explain how she subsists—such as, for example, how she obtains housing and food. Her application, therefore, is incomplete and prevents the Court from assessing her ability to pay.") (citation omitted).

Because Plaintiff's application does not adequately explain how he supports himself, the Court finds that Plaintiff's application is incomplete. Plaintiff's motion to proceed *in forma pauperis* (Dkt. 36) is therefore denied without prejudice. If Plaintiff submits a renewed application, it must fully explain how he supports himself, including whether he relies on any other person for financial support. Plaintiff must submit this

---

[1] The Court also notes that on October 1, 2025, subsequent to Plaintiff's submission of his application to proceed *in forma pauperis*, Plaintiff filed a notice stating that his new mailing address is his parents' home address. (Dkt. 38).

application, along with a renewed application for appointment of counsel, by no later than 30 days from the entry of this Decision and Order for the purposes of determining whether appointment of counsel is warranted at this time.

## II.     Motion for Appointment of Counsel

Unlike in a criminal matter, there is no right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, appoint counsel for a litigant in a civil case, but "the statute only allows appointment where a litigant is indigent." *Sears, Roebuck & Co. v. Charles W. Sears Real Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *see also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (noting that before a court considers the relevant factors on a motion to appoint counsel, "it must first ascertain whether the litigant is able to afford or otherwise obtain counsel").

In this case, the only evidence of Plaintiff's indigence before the Court is his application to proceed *in forma pauperis*. As discussed above, Plaintiff's application to proceed *in forma pauperis* is incomplete and does not provide sufficient information for the Court to determine that Plaintiff is indigent. Thus, the Court cannot conclude that Plaintiff satisfies the threshold requirement for appointment of counsel under 28 U.S.C. § 1915(e)(1). *See Sears, Roebuck and Co.*, 865 F.2d at 23 (finding district court did not abuse its discretion in denying plaintiff's motion to appoint counsel where plaintiff was not indigent for purposes of proceeding *in forma pauperis*); *Flint v. Jun*, No. 1:19-CV-00416 EAW, 2019 WL 11838761, at *9 (W.D.N.Y. Oct. 22, 2019) (denying plaintiff's motion to appoint counsel because his application to proceed *in forma pauperis* did not

demonstrate he was indigent); *Cochran v. Town of Colonie*, No. 1:04-CV-0666-FJS-GJD, 2006 WL 8451979, at *1 (N.D.N.Y. Apr. 6, 2006) (denying plaintiff's motion to appoint counsel because his application to proceed *in forma pauperis* was incomplete and the court had not been presented with any other evidence of plaintiff's indigence).

Plaintiff's motion for appointment of counsel (Dkt. 37) is therefore denied without prejudice. Plaintiff may submit a renewed application for appointment of counsel, accompanied by a complete application to proceed *in forma pauperis*, by no later than 30 days from the entry of this Decision and Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (Dkt. 36) and motion for appointment of counsel (Dkt. 37) are denied without prejudice. Plaintiff may submit a complete application to proceed *in forma pauperis*, as explained herein, and a renewed application for appointment of counsel by no later than 30 days from the entry of this Decision and Order. If Plaintiff fails to submit these applications by that date, then it will be his responsibility to obtain counsel or move forward with this lawsuit *pro se*.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: October 8, 2025
      Rochester, New York