UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SCOTT FETZNER,

               Plaintiff,

    v.

TOWN OF GATES, *et al.*,

               Defendants.

**DECISION AND ORDER**

6:23-CV-06229 MAV CDH

---

## **BACKGROUND**

Plaintiff Scott Fetzner ("Plaintiff") asserts claims under 42 U.S.C. § 1983 and New York state law in connection with an incident on April 19, 2022, involving the Town of Gates Police Department and the Monroe County Sheriff's Office. (Dkt. 1; Dkt. 16).

This case has been referred to the undersigned for all pretrial matters excluding dispositive motions. (Dkt. 4; Dkt. 26). On April 24, 2025, the Court entered an Order granting Plaintiff's attorneys' motion to withdraw. (Dkt. 32). The Court directed Plaintiff's attorneys to serve Plaintiff with a copy of the Order and directed Plaintiff to advise the Court in writing within 30 days of being served a copy of the Order if he would seek to obtain new counsel or if he would proceed in this case *pro se*. (*Id.* at 3).

Upon not receiving any communication, in writing or otherwise, from Plaintiff regarding this case, the Court held a status conference with the parties on June 25, 2025, to address Plaintiff's representational status going forward. (Dkt. 35). During the conference, Plaintiff informed the Court that he was seeking but had not yet obtained new counsel. The Court directed Plaintiff to file a motion to proceed *in forma pauperis*

and a motion to appoint counsel by September 23, 2025, or to otherwise advise the Court by that date of his representational status. (*Id.*). On July 22, 2025, Plaintiff submitted applications to proceed *in forma pauperis* and to be appointed counsel. (Dkt. 36; Dkt. 37).

On October 8, 2025, the Court entered a Decision and Order denying Plaintiff's motion to proceed *in forma pauperis* and for appointment of counsel without prejudice. (Dkt. 39). The Court explained that Plaintiff had provided insufficient information for the Court to determine whether he was indigent. (*Id.* at 3-4). The Court further explained that because it is statutorily authorized to appoint counsel for a litigant in a civil case only where that litigant is indigent, and because "Plaintiff's application to proceed *in forma pauperis* [was] incomplete and [did] not provide sufficient information for the Court to determine that Plaintiff [was] indigent," the Court could not "conclude that Plaintiff satisfies the threshold requirement for appointment of counsel under 28 U.S.C. § 1915(e)(1)." (*Id.* at 5). The Court afforded Plaintiff an opportunity to file "a complete application to proceed *in forma pauperis*" and "a renewed application for appointment of counsel" within 30 days and advised Plaintiff that if he failed to do so, it would "be his responsibility to obtain counsel or move forward with this lawsuit *pro se.*" (*Id.* at 6).

Plaintiff did not file renewed motions to proceed *in forma pauperis* and for appointment of counsel within the deadline set by the Court, nor did he otherwise communicate with the Court regarding his representational status. The Court scheduled a telephone status conference for February 18, 2026. (Dkt. 40). Plaintiff

appeared at that conference and claimed not to have received a copy of the Court's October 8, 2025 Decision and Order despite the fact that it had been mailed to his address of record and had not been returned as undeliverable. The Court explained the holding of the October 8, 2025 Decision and Order to Plaintiff. At Plaintiff's request, he was afforded a further opportunity to submit a complete motion to proceed *in forma pauperis* and a renewed motion for appointment of counsel. (Dkt. 41). The Court explained to Plaintiff that his renewed motion would also need to explain why he was unable to meet the previous deadline set by the Court. (*See id.*). The Court set a deadline of April 5, 2026, for Plaintiff's renewed motions. (*Id.*). The Court also re-mailed a copy of the October 8, 2025 Decision and Order to Plaintiff, at a new address he provided. (*Id.*).

On February 27, 2026, Plaintiff filed a renewed motion for appointment of counsel. (Dkt. 42). This motion was not accompanied by a complete motion to proceed *in forma pauperis*. And, in contravention of the Court's direction at the February 18, 2026 status conference, this motion contains no explanation for Plaintiff's failure to comply with the deadline set in the October 8, 2025 Decision and Order. Plaintiff made no other filings prior to the April 5, 2026 deadline.

## DISCUSSION

The only motion currently pending before the Court is Plaintiff's renewed motion for appointment of counsel. (Dkt. 42). However, as the Court explained in the October 8, 2025 Decision and Order, the relevant statute—28 U.S.C. § 1915(e)(1)—"only allows appointment where a litigant is indigent." (Dkt. 39 at 5 (quoting *Sears, Roebuck & Co.*

*v. Charles W. Sears Real Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988)). While Plaintiff claims in his pending motion that he "can[']t afford an attorney [due] to financial problems" (Dkt. 42 at 1), he has failed to provide any information to substantiate that claim. And as the Court explained in detail in the October 8, 2025 Decision and Order, Plaintiff's previously submitted motion for leave to proceed *in forma pauperis* "raise[d] more questions than answers regarding his financial circumstances." (Dkt. 39 at 4).

The Court has no factual basis on which to conclude that Plaintiff is indigent. Absent such information, it would not be appropriate to appoint counsel to represent Plaintiff. *See Sears, Roebuck and Co.*, 865 F.2d at 23-24 (finding district court did not abuse its discretion in denying plaintiff's motion to appoint counsel where plaintiff was not indigent for purposes of proceeding *in forma pauperis*); *Flint v. Jun*, No. 1:19-CV-00416 EAW, 2019 WL 11838761, at *9 (W.D.N.Y. Oct. 22, 2019) (denying plaintiff's motion to appoint counsel because his application to proceed *in forma pauperis* did not demonstrate he was indigent); *Cochran v. Town of Colonie*, No. 1:04-CV-0666-FJS-GJD, 2006 WL 8451979, at *1 (N.D.N.Y. Apr. 6, 2006) (denying plaintiff's motion to appoint counsel because his application to proceed *in forma pauperis* was incomplete and the court had not been presented with any other evidence of plaintiff's indigence). The Court accordingly denies Plaintiff's renewed motion for appointment of counsel.

The Court further determines that this case cannot be delayed any further by issues relating to Plaintiff's representational status. It has been almost a year since the Court granted Plaintiff's counsel's motion to withdraw (*see* Dkt. 32), and Plaintiff's subsequent failure to comply with the Court's directives has caused the case to

essentially stand still since that time. The Court will enter, contemporaneously with this Decision and Order, an amended scheduling order setting deadlines for the future stages of this litigation. **It is Plaintiff's responsibility to either retain counsel to represent him or to proceed *pro se* (that is, to represent himself)**. Plaintiff is expected to comply with the deadlines set by the Court, to participate in any outstanding discovery, and to otherwise comply with his obligations under the Federal Rules of Civil Procedure and this Court's Local Rules. **Plaintiff is warned that failure to participate in this litigation as required or to comply with his obligations under the Federal Rules of Civil Procedure or the Court's Local Rules could result in the imposition of sanctions, including potentially the dismissal of this case.**

## CONCLUSION

For the foregoing reasons, Plaintiff's renewed motion for appointment of counsel (Dkt. 42) is denied. The Court will enter an amended scheduling order in this matter. It is Plaintiff's responsibility to either obtain counsel on his own behalf or move forward with this lawsuit *pro se*.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: April 8, 2026
      Rochester, New York